Phillip S. Oberrecht
ISB #1904; pso@hallfarley.com
Randall L. Schmitz
ISB #5600, rls@hallfarley.com
HALL, FARLEY, OBERRECHT & BLANTON, P. A.
702 W. Idaho
Post Office Box 1271
Boise, ID  83701
Telephone: (208) 395-8500
Fax: (208) 395-8585

Judd H. Lees, *Pro Hac Vice* (pending)
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email: jlees@williamskastner.com

*Attorneys for Amicus Inland Pacific Chapter of Associated Builders and Contractors, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, and SOUTHWEST IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO,<br><br>Plaintiffs,<br><br>vs.<br><br>LAWRENCE G. WASDEN, in his official capacity as ATTORNEY GENERAL FOR THE STATE OF IDAHO.<br><br>Defendants. | Case No. 1:11-CV-253-BLW<br><br>AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF |

The Inland Pacific Chapter of Associated Builders and Contractors, Inc. (hereinafter "Inland Pacific Chapter of ABC") respectfully moves for leave to file an *amicus curiae* brief in regards to plaintiffs Idaho Building and Construction Trades Council, AFL-CIO, and Southwest Idaho Building and Construction Trades Council, AFL-CIO's motion for preliminary injunction

PAGE 1    AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND
           CONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

concerning Idaho Senate Bill 1007, which enacted Idaho Code § 44-2012 known as the "Fairness in Contracting Act." Because of the implications of the legislation on the Inland Pacific Chapter of Associated Builders and Contractors, Inc., a key supporter of the legislation, and the unique perspective of construction employers in the State of Idaho, the Inland Pacific Chapter of Associated Builders and Contractors, Inc. would like to submit its *amicus* brief in this matter. A copy of the proposed brief is submitted with this motion.

## MEMORANDUM

In the absence of a rule, trial courts have inherent authority to permit filing of an *amicus curiae* brief. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Parsons v. State, Dept. Of Social and Health Services,* 118 P.3d 930, 934 (Wn. App. 2005):

> No specific rule permits amicus participation in the trial court but neither is there any rule prohibiting it. We can see no reason a trial judge should not have discretion to permit such participation if it may be helpful to the court. Other trial courts have allowed amici, and Parsons has presented no authority disapproving the practice. Nor does he present authority that would require an interested party such as WPAS to intervene, as opposed to filing as amicus.

*Parsons*, 118 P.3d at 934. Trial courts also have broad discretion to limit or expand the role of an *amicus curiae* to suit the case. *Alliance of Automobile Manufacturers v. Gwadowsky,* 297 F. Supp.2d 305, 308 (D. Maine 2003 (allowing *amicus* "plus" status but with restrictions)).

"The privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Community Ass'n for Restoration of Environment (CARE) v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D.Wash.1999) (*citing Hoptowit v. Ray*, 682 F.2d 1237,1260 (9th Cir.1982)). Leave to file an amicus brief is typically granted if a party is not represented competently or at all, a decision in the present case may affect the interest of the amicus in another case in which he has an interest, or the amicus has "unique information or perspective

PAGE 2    AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND
         CONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

3168705.1

that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (*citing Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)).

Further, guidance in Idaho App. R. 8 (IAR 8) regarding the process and role of *amicus curie* explains:

> An attorney, or person or entity through an attorney, may appear as amicus curiae in any proceeding by request of the Supreme Court; or by leave of the Supreme Court upon written application served upon all parties, setting forth the particular employment, if any, **the interest of the applicant in the appeal or proceeding** and the name of the party in whose support the amicus curiae would appear.

*Id*. (emphasis added).

### A. Interests of Proposed *Amicus*

The Inland Pacific Chapter of ABC, a key supporter of the Fairness in Contracting Act, should be allowed to participate as *amicus* because of several reasons: 1) its interests in the legislation, which are not represented by present counsel; 2) it would be very detrimentally impacted if the legislation were not to take effect; and 3) it could provide the Court with the important and unique perspective of construction employers in the State of Idaho. *See* Declaration of Judd Lees ("Lees Decl.") at ¶¶ 3, 5. The current parties and representatives before this Court do not and cannot bring this perspective to the Court as it deliberates on this motion for preliminary injunctive relief. *Id.* at ¶ 5.

ABC is a national construction industry trade association representing 23,000 individual employers—both union and non-union—in the commercial and industrial construction industry. *Id.* at ¶ 2. The Inland Pacific Chapter of ABC has an office in Boise, Idaho and member contractors from the State of Idaho. *Id.* Since many of its contractor members have been negatively impacted by the job targeting schemes of its union competitors, the Inland Pacific Chapter of ABC was a major, if not the key, proponent for introduction and passage of the

PAGE 3   AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

3168705.1

Fairness in Contracting Act. *Id.* at ¶ 3. Its staff and members testified on behalf of SB 1007 and its Chapter Labor Counsel submitted written and verbal testimony to various committees of the House and Senate of the Idaho legislature prior to its passage. *Id.*

On Monday, June 13, 2011, Chapter Labor Counsel Judd Lees was authorized to act on behalf of the Inland Pacific Chapter of ABC in the preliminary injunction proceedings before this Court. *Id.* at ¶ 4. He immediately contacted the Attorney General's office and spoke with Clay Smith who advised him via email that the Attorney General had no objection to my participation on behalf of ABC as an amicus. *Id.* On Tuesday, June 14, 2011, Mr. Lees telephoned James M. Piotrowski, counsel for plaintiffs and advised him the Inland Pacific Chapter of ABC would be seeking the Court's permission to participate as amicus. *Id.*

*Amicus* briefs should be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case, or when the *amicus* can provide information, perspective, or argument that can assist the court beyond that of the lawyers for the parties can provide. *See Community Ass'n for Restoration of Environment (CARE) v. DeRuyter Bros. Dairy*, 54 F.Supp.2d at 975. Because of the Inland Pacific Chapter of ABC's interests in this matter as described above, it should be allowed to submit its *amicus* brief.

## CONCLUSION

For the reasons explained above, ABC respectfully asks this Court to grant its motion for leave to file the *amicus* brief submitted herewith, to protect its interests and provide its unique

PAGE 4     AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND
           CONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

3168705.1

information and perspective concerning the pending motion for preliminary injunction.

DATED this 15th day of June, 2011.

                                                 WILLIAMS KASTNER

                                               HALL, FARLEY, OBERRECHT
                                                 & BLANTON, P.A.

                                           By   /s/ Phillip S. Oberrecht
                                                Phillip S. Oberrecht - Of the Firm
                                                Attorneys for Inland Pacific Chapter of
                                                Associated Builders and Contractors

PAGE 5    AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND
         CONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

3168705.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __15th____ day of June, 2011, I electronically filed the foregoing AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS ANDCONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF, with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| James M. Piotrowski | Email address: jpiotrowski@idunionlaw.com |
| Alan Herzfeld | aherzfeld@idunionlaw.com |
| Marty Durand | marty@idunionlaw.com |
| Terry Yellig | |
| Victoria L. Bor | |
| Esmeralda Aguilar | |

　　　　　　　　　　　　　　　　　　　　　　/s/ Phillip S. Oberrecht_____
　　　　　　　　　　　　　　　　　　　　　　Phillip S. Oberrecht

PAGE 6    AMICUS INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

3168705.1