UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, and SOUTHWEST IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO,<br><br>           Plaintiffs,<br><br>     v.<br><br>LAWRENCE G. WASDEN, in his official Capacity as ATTORNEY GENERAL FOR THE STATE OF IDAHO.<br><br>           Defendants. | Case No. 1:11-cv-00253-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it a motion to intervene filed by Inland Pacific Chapter of Associated Builders and Contractors, Inc., a construction industry trade association with members in Idaho. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motions and not allow the applicants to intervene.

Memorandum Decision and Order - 1

## BACKGROUND

In this action, Plaintiff Idaho Building and Construction Trades Council, AFL-CIO, and the Southwest Idaho Building and Construction Trades Council, AFL-CIO (collectively "Trades Council") challenge two recently enacted statutes: "Fairness in Contracting Act," codified as Idaho Code §44-2012, and the "Open Access to Work Act," codified as Idaho Code §44-2013.  The Trades Council alleges that both laws interfere with the rights created by the National Labor Relations Act and are therefore preempted.

Proposed Intervenor IPC ABC is a construction industry trade association with members in Idaho and a key supporter of both statutes at issue here.  IPC ABC seeks to intervene because IPC's members in Idaho "would be very detrimentally impacted if the legislation were not to take effect, and can provide the Court with the important and unique perspective of construction employers in the state of Idaho." *IPC ABC's Br.* at 2, Dkt. 34.  IPC contends that project labor agreements and union job targeting programs have negatively impacted their contractor members in other states, and for this reason IPC ABC actively supported both the Open Access to Work Act and the Fairness in Contracting Act, including submitting written and verbal testimony to the Idaho legislature prior to the bills' passage.

On the basis of these interests, IPC ABC seeks intervention as of right and permissive intervention. The Trades Council opposes intervention on the grounds that the Attorney General would adequately protect IPC ABC's interests.  Moreover, IPC ABC

has already been granted amicus status and is free to present any additional arguments which it may have through its amicus brief.

## LEGAL STANDARD

Rule 24(a) contains the standards for intervention as of right, and it states in pertinent part as follows:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th 2001).

In general, the Court must construe Rule 24(a) liberally in favor of potential intervenors. *Id.* at 818. Moreover, the Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id.* However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Memorandum Decision and Order - 3

ANALYSIS

1.     **Intervention as a Matter of Right**

Challenging IPC ABC's motion to intervene as a matter of right, the Trades Council focuses primarily on the fourth factor. The fourth element requires the Court to consider whether the interests of the applicants may be adequately represented by the Attorney General. In resolving this issue, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg, 268 F.3d at 822*. The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest. *Id.* However, the burden of showing inadequacy is "minimal," and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Id.* In assessing the adequacy of representation, the focus should be on the "subject of the action," not just the particular issues before the court at the time of the motion. *Id.*

Where the party and the proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies. *Freedom From Religion Foundation, Inc. v. Geithner,* 2011 WL 1746137 (9th Cir. May 9, 2011). Such presumption can be rebutted only by "a compelling showing to the contrary." *Id.*

An assumption of adequacy also arises when the government is acting on behalf of a constituency that it represents. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir.

2003).  Absent a "very compelling showing to the contrary, it is assumed that the state adequately represents its citizens when the proposed intervenor shares the same interest. *Id.*  When the state and the proposed intervenor share the same ultimate objective, "differences in litigation strategy do not normally justify intervention." *Id.*

Here, both the Attorney General and IPC ABC share the same ultimate objective – ensuring that the Open Access to Work Act and the Fairness in Contracting Act is upheld. Because they share the same ultimate objective, a presumption of adequate representation arises that IPC ABC must rebut.  IPC ABC has failed to make a "compelling showing" that the Attorney General will not mount an adequate defense of the statutes at issue.

IPC ABC explains that its participation in this lawsuit is necessary because it "has the important and unique perspective of construction employers in the State of Idaho which would be detrimentally impacted if the legislation were not to take effect." *IPC ABC's Opening Br.* at 8, Dkt. 24.  Moreover, IPC ABC claims that the Attorney General will not adequately protect its interests because IPC ABC seeks to advance an argument regarding Idaho's status as a right-to-work state that the Attorney General is unwilling to make.  Because of its unique perspective and because IPC ABC and the Attorney General's positions differ somewhat, IPC ABC insists that it should be allowed to intervene.

A review of the Attorney General's summary judgment motion and response to the Trade Council's summary judgment motion illustrates its intention to mount a vigorous defense of the two statutes.  Although IPC ABC may not defend the statutes in the exact

Memorandum Decision and Order - 5

manner that the Attorney General would, simply because IPC ABC would make slightly different arguments from the Attorney General does not amount to a "compelling showing" of inadequacy, or that it offers a "necessary element" to the litigation. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009) (internal ellipses omitted). Representation is not inadequate because "the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *U.S. v. City of New York*, 198 F.3d 360, 367 (2nd Cir. 1999). As noted above, "mere differences in litigation strategy are not enough to justify intervention as a matter of right." *Perry*, 587 F.3d at 954.

**2.     Permissive Intervention**

Rule 24(b) allows permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common...." Fed.R.Civ.P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* When a proposed intervenor has met those requirements, "The court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties.'" *Perry,* 587 F.3d at 955 (quoting *Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir. 1977)).

The Court finds that IPC ABC meets all the requirements for permissive intervention. And the Court does not believe that IPC ABC's participation would delay

or prejudice the proceedings.  But for the same reason the Court denied IPC ABC's application to intervene as a matter of right, it will deny its motion for permissive intervention.  As described above, the Attorney General and IPC ABC's goals in this proceeding are identical, and the Attorney General can adequately represent those interests.  The Court, however, will not rob IPC ABC of the amicus status it already conferred, and thus IPC ABC's arguments will be heard through its already-filed amicus briefs.

## ORDER

IT IS ORDERED that Inland Pacific Chapter of Associated Builders and Contractors, Inc.'s Motion to Intervene (Dkt. 34) is GRANTED in part and DENIED in part.  IPC ABC will not be allowed to intervene as a party but it may appear as amicus curia.

DATED: October 28, 2011

B. Lynn Winmill
Chief Judge
United States District Court