UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, and SOUTHWEST IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO,<br><br>                Plaintiffs,<br>  v.<br><br>LAWRENCE G. WASDEN, in his official Capacity as ATTORNEY GENERAL FOR THE STATE OF IDAHO,<br>                Defendant. | Case No. 1:11-cv-00253-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1 filed by Plaintiffs Idaho Building and Construction Trades Council, AFL-CIO and the Southwest Idaho Building and Construction Trades Council, AFL-CIO (Dkt. 88). *Order*, Dkt. 67. The Trades Councils seek an indicative ruling either that Tim Mason, in his capacity as Administrator, Division of Public Works, Idaho Department of Administration, may be joined as additional defendant under Federal Rule of Civil Procedure 21, or find that such a motion raises substantial issues. For the reasons set

forth below, the Court finds that a motion to join Mason as a defendant would raise substantial issues.

## BACKGROUND

On December 22, 2011, this Court held that the National Labor Relations Act preempts the 2011 Idaho Open Access to Work Act, Idaho Code§ 44-2013, and the Fairness in Contracting Act, Idaho Code§ 44-2012, and accordingly enjoined enforcement of those two laws. As a threshold matter, the Court rejected Wasden's argument that he was not a proper defendant under the *Ex Parte Young* doctrine, and that the Trades Councils lacked Article III standing because there was no injury-in-fact. This Court found that the Court had proper jurisdiction under the doctrine of *Ex Parte Young* over Wasden and that the Trades Councils had standing because the Attorney General had a causal connection to the enforcement of the Right-to-Work Act. *Order*, Dkt. 67.

Wasden appealed to the Ninth Circuit, and his appeal is currently pending in the U.S. Court of Appeals for the Ninth Circuit as Case No. 12-35051. In the meantime, the Idaho Legislature amended section 44-2007, Idaho Code, excluding from its enforcement provisions both the Open Access Act and the Fairness in Contracting Act, but otherwise leaving intact the substantive provisions of those statutes and the bases for the Trades Councils' challenge.

In his opening brief to the Ninth Circuit, Wasden argues, in part, that the Idaho Legislature's 2012 amendments to the statutes at issue removed jurisdiction over Wasden under the *Ex Parte Young* doctrine, thereby mooting the cause of action. *Def.'s Resp.* at

2-3, Dkt. 92. In response to the statutory amendments and the Wasden's argument, the Trades Councils now seek an indicative ruling allowing them to join Mason as a defendant to ensure that the full appeal can proceed. *Pls.' Brief* at 4,8, Dkt. 88-1.

In opposition to the present motion, Attorney General Wasden argues: (1) the Trades Councils' Rule 62.1 motion does not satisfy any subparagraph of Rule 60(b), which he claims is "the threshold predicate for [the Trades Councils'] motion to join Administrator Mason as a defendant" *Def. Resp.* at 5, Dkt. 92; and (2) Mason is not a proper defendant because the Trades Councils cannot establish that his actions in his official capacity will cause them injury-in-fact and, therefore, their claim "founders on standing and ripeness shoals." *Id.* at 9-18.

## ANALYSIS

### 1.  Federal Rule of Civil Procedure 62.1

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Civil Procedure 62.1 offers district courts several options for action when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed R. Civ. P. 62.1. Under Rule. 62.1(a), a district court may defer consideration of or deny the motion, or it may indicate that it would grant the motion if the court of appeals remands for that purpose, or that the motion raises a substantial issue. *Id.* at 62.1(a). Rule

62.1 operates in conjunction with Federal Rule of Appellate Procedure 12.1, which provides that if the district court, pursuant to Rule 62.1(a)(3), states that it would either grant the motion on remand or that the motion raises a substantial issue, the movant must notify the circuit clerk. Fed. R.App. P. 12.1.

**2.     Motion to Add a Defendant**

The Trades Council is asking this Court to consider whether it would allow the addition of a new defendant, specifically Tim Mason in his capacity as Administrator, Division of Public Works, Idaho Department of Administration. *Pls.' Brief* at 2, Dkt. 88-1.  The Trades Councils seek to join  Mason pursuant to Federal Rule of Civil Procedure 21.

Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. Courts have long relied on Rule 21 to both dismiss and add parties in order to maintain a justiciable case. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833 (1989). Resort to Rule 21 is appropriate where "requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention."

Here, the Trades Councils seek to add Mason as a safeguard against any potential procedural impediments to the Ninth Circuit's review of this Court's decision.  Assuming Mason is a proper defendant, "the practicalities weigh heavily in favor" of a decision to join Mason as a party. *Newman-Green*, 490 U.S. at 837.  If the entire suit were dismissed

as moot, the Trades Councils would simply refile their case against Mason and submit the discovery materials in hand, if any.  "The case then would proceed to a preordained judgment." *Id.*  The Trades Council "should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity." *Id.*

Wasden argues, however, that the Trades Councils must "satisfy one of the subparagraphs of Rule 60(b)" before the Court may reach the Councils' motion to join Mason as a defendant.  The Court disagrees.

First, nothing in the language of Rule 62.1 confines it to Rule 60(b) motions. To the contrary, the Advisory Committee Notes make clear: "This new rule adopts for *any* motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending appeal." (Emphasis added).  The rule "does not attempt to define the circumstances in which an appeal limits or defeats the district court's authority to act in the face of a pending appeal." *Id.* Rather, it applies only when those rules otherwise would deprive the district court of authority to act. *Id.*

Second, Rule 21 specifically allows motions to add or drop parties "at any stage in the action" – including on appeal. *California Credit Union League v. City of Anaheim*, 190 F.3d 997, 999 (9th Cir. 1999)("[C]ourts have consistently recognized that appellate courts can join parties pursuant to Rule 21 when a case is pending on appeal.").  And the Ninth Circuit has never held that judgment must be reopened under a Rule 59 or Rule 60 motion before the Court may entertain a Rule 21 motion. *Compare Lindauer v. Rogers*,

**MEMORANDUM DECISION AND ORDER - 5**

91 F.3d 1355, 1357 (9th Cir.1996) (holding that once judgment is entered, motions to amend under Rule 15(a) can only be entertained if judgment is reopened by a Rule 59 or Rule 60 motion).

If the Ninth Circuit chooses to remand, the Court will consider whether Mason is a proper defendant at that time. But considering appellate courts are allowed to address motions to add a party under Rule 21, the Ninth Circuit may elect to retain jurisdiction and address the issue on the pending appeal rather than remand.

## ORDER

**IT IS ORDERED that** Plaintiffs Idaho Building and Construction Trades Council, AFL-CIO and the Southwest Idaho Building and Construction Trades Council, AFL-CIO's motion for an indicative ruling under Federal Rule of Civil Procedure 62.1 (Dkt. 88) is GRANTED.  The Court issues an indicative ruling under Rule 62.1 regarding the motion to add Mason as a defendant, finding that the motion raises substantial issues.

DATED: May 1, 2013

B. Lynn Winmill  
Chief Judge  
United States District Court