LAWRENCE WASDEN
ATTORNEY GENERAL

BRIAN P. KANE, ISB #6264
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

CLAY R. SMITH, ISB #6385
Deputy Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Facsimile:  (208) 854-8073
       Attorney for Defendant Lawrence G. Wasden

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, and SOUTHWEST IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LAWRENCE G. WASDEN, in his Official Capacity as ATTORNEY GENERAL FOR THE STATE OF IDAHO,<br><br>                    Defendant. | Case No. 1:11-CV-253-BLW<br><br>**RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 1

## RESPONSE

Plaintiffs Idaho Building and Construction Trades Council *et al.* (collectively, "Trades Council") request leave to file an amended complaint that proposes to add two defendants: Tim Mason, in his capacity as administrator for Division of Public Works, Idaho Department of Administration, and the City of Boise ("City"). Dkt. 98-1 ¶¶ 6, 8. The Trades Council proposes further to add class action allegations under Fed. R. Civ. P. 23(b)(1) and (2) that name (1) Mason as the representative of a defendant class "composed of all officials of the State of Idaho who, in their official capacity, are responsible for approving and/or issuing bid documents, specifications, project agreements or other controlling documents for a public works construction contract and are therefore bound by the Anti-PLA Act" and (2) the City as the representative of a defendant class "composed of all local government entities and other political subdivisions of the State of Idaho that approve and/or issue bid documents, specifications, project agreements or other controlling documents for public works construction contracts and are therefore bound by the anti-PLA Act." Dkt. 98-1 ¶¶ 7, 9.

The controlling question for present purposes is whether the proposed amended complaint falls within the scope of the Court of Appeals' limited remand under Fed. R. App. P. 12.1. Dkt. 97. The panel order described the remand's scope as

> 1) allowing the Councils to amend their complaint to join additional defendant(s); 2) allowing both parties to supplement the record with any information that may bear on the justiciability of the OAA claim under the Eleventh Amendment and Article III of the Constitution; and 3) permitting the district court to decide, in the first instance and on the basis of the supplemented record, whether the Attorney General remains a proper defendant for the OAA claim and whether the additional defendant(s) Councils seek to join possess(es) the requisite connection to enforcement of the OAA to present a case or controversy justiciable under the *Ex Parte Young* doctrine.

Dkt. 97 at 3; *see also id.* at 8 (instructing this Court to "provide the Councils an opportunity to amend their complaint; reopen the record to permit both parties to present

RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 2

evidence bearing on the justiciability of the OAA claim under *Ex Parte Young* and Article III; determine whether the Attorney General remains a proper defendant; and consider the propriety of joining Mason and any other defendants the Councils may propose to add for purposes of the OAA claim"). Although the remand order's principal focus relates to application of *Ex parte Young*, 209 U.S. 123 (1908), literally construed and in light of the panel's statement concerning the parties' disagreement during oral argument concerning Mason's "supervisory authority over the procurement activities of local government entities and other political subdivisions" (Dkt. 97 at 6), it contemplates potential joinder of parties not subject to the immunity from suit confirmed under the Eleventh Amendment.[*]

Under these circumstances, Defendant Wasden does not oppose the motion for leave to amend. This non-opposition, however, reserves the Attorney General's position that he has no criminal or other enforcement authority with respect to Idaho Code § 44-2013. It also reserves putative defendant Mason's positions, *inter alia*, that no ripe case or controversy exists over the enforcement § 44-2013 by him; that he exercises no supervisory authority under Idaho Code §§ 67-5710 to -5711C with respect to "public works," as that term is defined in § 44-2013(2)(b), undertaken by any "political subdivision," as defined in § 44-2013(2)(b), other than the entities or contracts identified in § 67-5710A(1)(a) and not exempted in whole or part under § 67-5710A(2)(a) or § 67-

---

[*] The Trades Council's proposed amended complaint does not allege that the "local governmental entities and other political subdivisions" as to which defendant class status is sought constitute "arms of the state" subject to the Eleventh Amendment protection. *See, e.g.*, *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775, 775-85 (9th Cir. 2005) (applying relevant analytical criteria for making "arm of the state" determination). The opposite conclusion necessarily obtains because Eleventh Amendment immunity for both retroactive and prospective relief extends to not only the State but also its agencies, commissions or other instrumentalities. *E.g.*, *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010) ("[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies"), *cert. denied*, 131 S. Ct. 1678 (2011).

RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 3

5711; and that the proposed defendant class of State of Idaho officials with Mason as the representative defendant should not be certified under Rule 23. These matters, however, are appropriately addressed through disposition of motions under that rule and/or Fed. R. Civ. P. 12 and 56.

## CONCLUSION

Defendant Wasden does not oppose the motion for leave to file an amended complaint but otherwise reserves any defenses or motions appropriate for resolution under Rules 12, 23 and 56.

DATED this 13th day of August 2013.

By /s/ *Clay R. Smith*
  Clay R. Smith
  Deputy Attorney General

RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Alan C Herzfeld   aherzfeld@hpllp.net

Esmeralda Aguilar   aguilar@shermandunn.com

Gregory C Dickison   gdickison@dickisonlawfirm.com

James Marshall Piotrowski   JPiotrowski@idunionlaw.com, Marty@idunionlaw.com, molly@idunionlaw.com

Judd H Lees   jlees@williamskastner.com, jhager@williamskastner.com

Marty Durand   marty@idunionlaw.com, molly@idunionlaw.com

Randall Lee Schmitz   rschmitz@ajhlaw.com, ajenkins@ajhlaw.com

Terry R Yellig   yellig@shermandunn.com

Victoria Louise Bor   bor@shermandunn.com

By   /s/ *Clay R. Smith*
    Clay R. Smith